UNITED STATES of America, Plaintiff—Appellee,

v.

Donald Allen GRIMM, aka Don aka Nebraska, Defendant—Appellant.

No. 01–10281.
D.C. No. CR–99–00223–HG.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2002.*

Decided Dec. 12, 2002.

Before SCHROEDER, Chief Judge, ALARCON and FISHER, Circuit Judges.

MEMORANDUM **

Appellant Donald Allen Grimm appeals the 120–month sentence he received for his conviction of possession with intent to distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. § 841. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Grimm has waived his right to appeal his sentence. Even if we were to find his waiver invalid, his appeal would fail on the merits for the reasons set forth below.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

This court's recent en banc opinion in *U.S. v. Buckland*, 289 F.3d 558, 563 (9th Cir.2002), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002), disposes of Grimm's facial challenge to the constitutionality of § 841 generally and the 20–year mandatory minimum sentence of § 841(b)(1)(A) specifically, as *Buckland* upheld the facial constitutionality of § 841 against a similar challenge based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

The two-level upward adjustment under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon was proper. This court has repeatedly held that conduct underlying dismissed charges can be considered as relevant conduct and used to determine the total offense level under the sentencing guidelines.[1] *See, e.g., U.S. v. Lawton,* 193 F.3d 1087, 1094 (9th Cir.1999). The enhancement did not violate the principles of *Apprendi,* as it did not increase Grimm's sentence beyond § 841(b)(1)(A)'s 10–year mandatory minimum. *See Buckland,* 289 F.3d at 570 ("*Apprendi* does not alter the authority of a court to sentence within the statutory range provided by Congress.").

Accordingly, the sentence imposed by the district court is AFFIRMED.

---

**1.** While conduct underlying charges that were dismissed pursuant to a plea agreement may not form the basis of an upward *departure* from the defendant's guideline range, the district court is free to use such conduct as the basis of an upward *adjustment* when determining the total offense level. *Lawton,* 193 F.3d at 1090, 1094.

